**EXHIBIT 1**

**From:** Bulgozdy, John [BULGOZDYJ@sec.gov]
**Sent:** Thursday, September 17, 2009 4:15 PM
**To:** Stanley C. Morris
**Cc:** Brilliant, Catherine W.; Bulgozdy, John
**Subject:** RE: Opposition to Motion to Seal

Stan:

We are writing to respond only to your request for an extension of time to file an answer, and not to any of the other statements made in your email below concerning the merits of the case or other matters. While we disagree with the substance of many of the statements in your email, they are not germane to your request for additional time to answer and we will not respond to them at this time.

The Commission will not agree to extend the time for Mr. Leyva to file an answer. A draft answer filed as an exhibit by a third party in an ex parte application to seal or otherwise protect confidential information is not an answer filed by the defendant in response to the complaint. Filing of an answer triggers various procedural obligations to move the case forward. There is no reason that the dispute between Mr. Leyva and Qualcomm should delay the prosecution of the Commission's case against Mr. Leyva. Accordingly, we are not amenable to extending the time for Mr. Leyva's answer to be filed.

Very truly yours,

**John B. Bulgozdy**
Senior Trial Counsel, Los Angeles Regional Office
U.S. Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648
323.965.3322

---

**From:** Stanley C. Morris [mailto:scm@cormorllp.com]
**Sent:** Thursday, September 17, 2009 3:07 PM
**To:** Brilliant, Catherine W.
**Cc:** Bulgozdy, John
**Subject:** Opposition to Motion to Seal

John,

I understand that Nick has brought you up to speed on Qualcomm's position regarding its objection to Mr. Leyva disclosing the license terms.

As you know, the SEC has alleged that Mr. Leyva learned of certain licensing terms prior to a final agreement being reached.

Obviously, it will be difficult for Mr. Leyva to defend himself if he can't talk about the terms of the license...the central issue of the case. Which leads me to the central question...if the license terms were so material to Q's stock and the SEC ..how come they were not disclosed?

Attached are Mr. Leyva's opposition papers.

I further understand that Nick served you with a copy of our draft answer. At this point, we would like to have an extension on filing the final answer until after the Judge has ruled on whether it must be sealed.